UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | | |
|---|---|---|
| DEJUAN SCOTT | ) | |
| | ) | Case No. 1:23-cv-193 |
| v. | ) | |
| | ) | Judge Travis R. McDonough |
| UNITED STATES OF AMERICA | ) | |
| | ) | Magistrate Judge Susan K. Lee |
| | ) | |

**MEMORANDUM OPINION**

Before the Court is Petitioner's motion to vacate his sentence under 28 U.S.C. § 2255 (Doc. 1 in Case No. 1:23-cv-193; Doc. 34 in Case No. 1:22-cr-53). Also before the Court is Petitioner's motion for extension of time to file his 28 U.S.C. § 2255 petition, which the Court construes as a motion for it to consider Petitioner's late-filed reply. (Doc. 11). For good cause shown, the Court **GRANTS** Petitioner's motion for extension (*id.*) and deems Petitioner's reply (Doc. 12) **FILED**. For the following reasons, the Court concludes that an evidentiary hearing is unnecessary and will **DENY** Petitioner's § 2255 motion (Doc. 1 in Case No. 1:23-cv-193; Doc. 34 in Case No. 1:22-cr-53).

I.     **BACKGROUND**

On September 12, 2022, this Court sentenced Petitioner to 120-months imprisonment and a term of three years of supervised release pursuant to a plea agreement under Federal Rule of Criminal Procedure 11(c)(1)(B). (Docs. 3, 25 in Case No. 1:22-cr-53.) Petitioner pled guilty to all five counts in the superseding indictment against him, all of which were for Hobbs Act Robbery pursuant to 18 U.S.C. § 1951. (Doc. 25, at 1–2 in Case No. 1:22-cr-53.) Petitioner did not appeal his sentence. On September 25, 2023, Petitioner timely filed the instant motion (Doc.

1 in Case No. 1:23-cv-193; Doc. 34 in Case No. 1:22-cr-53), and the motion is now ripe for the Court's review.

II. STANDARD OF LAW

To obtain relief under 28 U.S.C. § 2255, a petitioner must demonstrate: "(1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law . . . so fundamental as to render the entire proceeding invalid." *Short v. United States*, 471 F.3d 686, 691 (6th Cir. 2006) (quoting *Mallett v. United States*, 334 F.3d 491, 496–97 (6th Cir. 2003)). He "must clear a significantly higher hurdle than would exist on direct appeal" and establish a "fundamental defect in the proceedings which necessarily results in a complete miscarriage of justice or an egregious error violative of due process." *Fair v. United States*, 157 F.3d 427, 430 (6th Cir. 1998).

In ruling on a § 2255 petition, the Court must also determine whether an evidentiary hearing is necessary. "An evidentiary hearing is required unless the record conclusively shows that the petitioner is entitled to no relief." *Martin v. United States*, 889 F.3d 827, 832 (6th Cir. 2018) (quoting *Campbell v. United States*, 686 F.3d 353, 357 (6th Cir. 2012)); *see also* 28 U.S.C. § 2255(b). "The burden for establishing entitlement to an evidentiary hearing is relatively light, and where there is a factual dispute, the *habeas* court must hold an evidentiary hearing to determine the truth of the petitioner's claims." *Martin*, 889 F.3d at 832 (quoting *Turner v. United States*, 183 F.3d 474, 477 (6th Cir. 1999)) (internal quotation marks omitted). While a petitioner's "mere assertion of innocence" does not entitle him to an evidentiary hearing, the district court cannot forego an evidentiary hearing unless "the petitioner's allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact." *Id*. When a petitioner's factual narrative of the

events is not contradicted by the record and not inherently incredible and the government offers nothing more than contrary representations, the petitioner is entitled to an evidentiary hearing. *Id.*

### III. ANALYSIS

Petitioner raises two arguments in support of his motion to vacate: (1) prosecutorial misconduct; and (2) ineffective assistance of counsel. (Doc. 1 in Case No. 1:23-cv-193; Doc. 34 in Case No. 1:22-cr-53).

As a threshold matter, issues not raised on appeal—other than ineffective assistance of counsel—are procedurally defaulted and "may not be raised on collateral review unless the petitioner shows cause and prejudice." *Massaro v. United States*, 538 U.S. 500, 504–05 (2003). Petitioner did not appeal his conviction and, thus, did not raise either of the now-claimed issues on appeal. *See id.*; (Doc. 1 in Case No. 1:23-cv-193; Doc. 34 in Case No. 1:22-cr-53). Therefore, only Petitioner's claim for ineffective assistance of counsel is spared from procedural default. Nonetheless, the Court will address each claim.

A court may excuse a procedural default and consider a claim on its merits if a petitioner can make a threshold showing that he was "actually innocent," *Smith v. Murray*, 477 U.S. 527, 537 (1986)—*i.e.*, that it was "more likely than not that no reasonable juror would have convicted him" had the jury been properly instructed and the parties been given the opportunity to present the relevant evidence. *Schlup v. Delo*, 513 U.S. 298, 327 (1995). Because Petitioner claims actual innocence as a ground to vacate his sentence, the Court will discuss this issue below.

#### A. Actual Innocence

Petitioner argues he is actually innocent of the crimes he pled guilty to. (Doc. 1 in Case No. 1:23-cv-193; Doc. 34 in Case No. 1:22-cr-53). However, these statements directly

contradict those given by Petitioner under oath, and thus do not entitle him to a hearing. (*See* Doc. 13 (documenting that Petitioner voluntarily entered a plea)); *see also Flowers v. Trierweiler*, No. 1:18-cv-787, 2018 WL 3846282, at *9 (W.D. Mich. Aug. 13, 2018) (quoting *Baker v. United States*, 781 F.2d 85, 90 (6th Cir. 1986)) ("The Sixth Circuit [has] held that where the trial court has scrupulously followed the required procedure, 'the defendant is bound by his statements in response to that court's inquiry.'"); *Blackledge v. Allison*, 431 U.S. 63, 74 (1997) (internal quotations omitted) ("When collaterally attacking a guilty plea, a prisoner "may not ordinarily repudiate statements made to the sentencing judge when the plea was entered.").

Petitioner's claim that he entered into the plea agreement "under duress" is also contradicted by the record. According to the transcript from Petitioner's change-of-plea hearing, he was provided multiple opportunities to reject the plea or to convey he felt pressured to enter into the plea. (*See, e.g.*, Plea Colloquy Hr'g Tr., at 4 (The Court: "Have any threats or promises been made to get you to waive your right to indictment?" Petitioner: "No, sir."), 5 ("[T]he Court makes a finding that you have intentionally, knowingly, and voluntarily waived your right to indictment.").) Petitioner also signed the plea agreement, which states that he "voluntarily, knowingly, and intentionally agrees" to its terms. (Doc. 3, at 7–9 in Case No. 1:22-cr-53.) Because the record contradicts Petitioner's allegations, he is not entitled to a hearing. *See United States v. Adams*, No. 1:05-CR-00126, 2008 WL 918534, at *19 (N.D. Ohio Apr. 2, 2008) ("In this case, Petitioner has fallen short of that burden because he signed the Plea Agreement which stated that the offer to plead guilty was freely and voluntarily made and his contention that he was coerced into signing the Plea Agreement is plainly contradicted by the record.").

### B. Ineffective Assistance of Counsel

Petitioner also raises ineffective assistance of counsel as a ground to vacate his sentence. (Doc. 1, at 26; Doc. 34, at 26 in Case No. 1:22-cr-53.) The Sixth Amendment provides, in relevant part, that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defense." U.S. Const. amend. VI. This includes the right to "reasonably effective assistance" of counsel. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). In *Strickland*, the Supreme Court set forth a two-pronged test for evaluating claims for ineffective assistance of counsel:

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant makes both showings, it cannot be said that the conviction . . . resulted from a breakdown in the adversary process that renders the result unreliable.

*Strickland*, 466 U.S. at 687. A petitioner has the burden of proving that his counsel provided ineffective assistance. *Virgin Islands v. Nicholas*, 759 F.2d 1073, 1081 (3d Cir. 1985).

In considering the first prong of *Strickland*, the appropriate measure of attorney performance is "reasonableness under prevailing professional norms." *Strickland*, 466 U.S. at 688. A party asserting an ineffective-assistance-of-counsel claim must "identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment." *Id.* at 690. The evaluation of the objective reasonableness of counsel's performance must be made "from counsel's perspective at the time of the alleged error and in light of all the circumstances, and the standard of review is highly deferential." *Kimmelman v. Morrison*, 477 U.S. 365, 381 (1986).

The second prong of the *Strickland* test requires a claimant to show counsel's deficient performance prejudiced the defense. Thus, "[a]n error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." *Strickland*, 466 U.S. at 691.

The Supreme Court has emphasized that a claimant must establish both prongs of a claim for ineffective assistance of counsel to meet her burden, and, if either prong is not satisfied, the claim must be rejected. *Id.* at 69. Moreover, a habeas petitioner alleging ineffective assistance of counsel bears a heavy burden, given the "doubly deferential" review of a such a claim under § 2254(d)(1). *Knowles v. Mirzayance*, 556 U.S. 111, 123 (2009).

In this case, Petitioner roots his ineffective-assistance-of-counsel claim in six grounds: (1) failure to argue unlawful seizure; (2) failure to contest and alleged *Miranda* violation; (3) failure to argue Petitioner had an alibi; (4) failure to contest violation of the Speedy Trial Act; (5) failure to contest "abuse of the writ of habeas corpus ad prosequendum and the fraud upon the Court"; and (6) inducement into an involuntary plea. (Doc. 1, at 26–32; Doc. 34, at 26–32 in Case No. 1:22-cr-53.)

None of these grounds entitle Petitioner to a hearing. For one, his guilty plea waives most of these challenges, which constitute alleged pre-plea constitutional deprivations. *See Coker v. Stephenson*, 662 F. Supp. 3d 759, 766 (E.D. Mich. 2023) (citing *Tollett v. Henderson*, 411 U.S. 258, 267 (1973)) (noting that an unconditional guilty plea or no-contest plea "waives all preplea nonjurisdictional constitutional deprivations"). And, as discussed, the record flatly contradicts Petitioner's claim that he pled guilty under duress. (*See, e.g.*, Plea Colloquy Hr'g Tr., at 4 (The Court: "Have any threats or promises been made to get you to waive your right to indictment?" Petitioner: "No, sir."), 5 ("[T]he Court makes a finding that you have

intentionally, knowingly, and voluntarily waived your right to indictment.").) As for the alleged Speedy Trial violation and "fraud upon the Court," the record precludes such arguments. According to the docket, the Information was filed on March 25, 2022, the Superseding Information was filed on May 5, 2022, and Petitioner entered into a plea agreement that same day. (Docs. 1–3 in Case No. 1:22-cr-53.) This sequence of events is well within the parameters of the Speedy Trial Act. *See Zundel v. United States*, No. CR 11-20017, 2017 WL 712883, at *2 (E.D. Mich. Feb. 23, 2017) ("[T]he indictment starts the running of the speedy trial period.") (citing *United States v. Medina-Espinoza*, 502 F. App'x. 501, 502 (6th Cir. 2012)); 18 U.S.C. § 3161(c)(1) (requiring that the trial of a defendant charged in an information or indictment "commence within seventy days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs"). The record also contradicts Petitioner's argument that the Government abused the writ of habeas corpus ad prosequendum. The Government petitioned for the writ to allow for the Sheriff of the Hamilton County Jail to transport Petitioner for his initial appearance before the Court, and Petitioner does not explain how the particular language of the petition or order—which he appears to take issue with— somehow nullifies the order or otherwise prejudiced him. (Doc. 1, at 30–31.) Therefore, Petitioner has also failed to demonstrate he is entitled to a hearing on his ineffective-assistance-of-counsel claim.

IV. CONCLUSION

For the reasons stated herein, the Court concludes that an evidentiary hearing is unnecessary, and Petitioner's § 2255 motion (Doc. 1 in Case No. 1:23-cv-193; Doc. 34 in Case No. 1:22-cr-53) is **DENIED**. Should Petitioner give timely notice of an appeal from this order,

such notice will be treated as an application for a certificate of appealability, which is hereby **DENIED** since he has failed to make a substantial showing of the denial of a constitutional right or "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court [is] correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also* 28 U.S.C. § 2253(c)(2); Fed. R. App. P. 22(b).

**AN APPROPRIATE JUDGMENT SHALL ENTER.**

/s/ *Travis R. McDonough*
**TRAVIS R. MCDONOUGH**
**UNITED STATES DISTRICT JUDGE**